IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FRANK CLARK, JR., #157 582          )
                                    )
         Plaintiff,                 )
                                    )
         v.                         ) CIVIL ACTION NO.: 2:09-CV-1065-WKW
                                    )                 [WO]
RICHARD ALLEN, *et al.*,            )
                                    )
         Defendants.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate, asserts that he was injured when a locker box located over his bunk fell on his leg while he was lying in bed.  The injury to Plaintiff's left leg required stitches.  He claims that the incident violated his Eighth Amendment right to be free from cruel and unusual punishment because the named defendants, former Commissioner Richard Allen and Warden Louis Boyd, had knowledge that the locker boxes over inmates' beds had caused injuries in the past but they failed to take any action to secure the boxes.  Plaintiff states that he is in fear of more personal injury.  He seeks damages and a transfer to another facility.  Doc. No. 1.

In accordance with the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment.  Plaintiff filed a response to the

special report filed by Defendants.  This case is now pending on Defendants' motion for summary judgment.  Upon consideration of the motion, Plaintiff's opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  THE COMPLAINT

Plaintiff filed this action while incarcerated at the Easterling Correctional Facility ["Easterling"] in Clio, Alabama.[1]  According to the complaint, on July 14, 2008, a locker box above Plaintiff's bed fell and hit his leg.  The resulting injury to Plaintiff's leg required stitches which he received at a local hospital.  Plaintiff claims that Defendants Allen and Boyd failed to take measures to secure the locker boxes despite having knowledge that the boxes located above inmate beds posed a safety hazard due to previous incidents similar to that experienced by Plaintiff.  Doc. No. 1.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.

---

[1] During the pendency of this action Plaintiff was transferred to another institution.

2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [–now dispute–] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-24.

Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324;

---

[2] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed. R. Civ. P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id.*  "'Shall' is also restored to express the direction to grant summary judgment."  *Id.*  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. Rule 56(e).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id*. at 249-50.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505,

2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

    For summary judgment purposes, only disputes involving material facts are relevant.

*United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court, which is admissible on its face or which can be reduced to admissible form, indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

6

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## III.  DISCUSSION

### A.  *Injunctive/Declaratory Relief*

Plaintiff is no longer incarcerated at Easterling. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated at Easterling, his request for injunctive relief in the form of a transfer to another correctional facility has been rendered moot.

### B.  *Respondeat Superior*

Plaintiff names former Commissioner Richard Allen as a defendant.  Plaintiff asserts in conclusory fashion that Allen had knowledge that the above-the-bed locker boxes at Easterling were unsafe but failed to taken any corrective action.  Plaintiff does not indicate how Allen knew of the complained of condition.  It, therefore, appears to the court that Plaintiff names Allen merely because he is the Commissioner of the Alabama Department of Corrections and for no other reason.  Plaintiff, however, has in no way linked Allen to the allegations set forth in his complaint.

It is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of *respondeat superior* or supervisory liability.  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla*., 402 F.3d 1092, 1116 (11th Cir. 2005); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir. 1993).  *Rogers v. Evans,* 792 F.2d 1052 (11th Cir. 1986).  Liability, however, may be imposed if a plaintiff shows a defendant either personally participated in the alleged constitutional violation or instigated or adopted a policy that violated the plaintiff's constitutional rights.  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the

8

doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990).

Here, the court finds that Plaintiff has failed to present any support for his allegation against Allen. Specifically, Plaintiff offers no evidence that Allen had any personal involvement in the incidents about which he complains. The court finds nothing in the record to establish the requisite causal connection between Allen and the alleged constitutional deprivation. Accordingly, the court finds that summary judgment is due to be granted in his favor. *Celotex*, 477 U.S. at 322-24.

## C. The Deliberate Indifference Claim

An official responsible for prison inmates may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows of a "substantial risk of serious harm" and with such knowledge disregards that excessive risk to inmate health or safety by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To sustain a claim, a plaintiff must show that the

challenged conduct was "very unreasonable in light of a known risk" of harm or suffering. *Hardin v. Hayes,* 52 F.3d 934, 939 (11th Cir. 1995) (citing *Farmer,* 511 U.S. at 835-36). A constitutional violation occurs, however, only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk' . . . ." *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc) (quoting *Farmer*, 511 U.S. at 844). Thus, in order to survive summary judgment in this case, Plaintiff is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991) . . . . [T]he prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists–and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

Plaintiff complains that a locker box above his bed injured him due to the deliberate indifference of Warden Boyd to his safety where he knew of the danger associated with said locker boxes. Warden Boyd denies violating Plaintiff's constitutional rights. The undisputed evidence before the court reflects that Plaintiff was reading a book on his bed when another inmate opened the locker box above the bed causing it to fall and strike Plaintiff on the leg.

10

Plaintiff was taken to the Health Care Unit for examination and treatment. Medical personnel determined that Plaintiff required further treatment at the local hospital. Correctional officials transported Plaintiff to the regional medical center for treatment where he was treated and released to DOC custody. Correctional officials questioned the inmate who opened the locker box as well as other inmates in the vicinity of Plaintiff's bed when the box fell. Based on information gathered, which corroborated Plaintiff's description of events, correctional officials concluded that Plaintiff's injury was accidental. Doc. No. 9, Exs. A-D.

A thorough review of all the documents filed in this case demonstrates that the injury suffered by Plaintiff occurred as a result of the actions of an inmate opening the locker box above Plaintiff's bed causing it to fall and strike Plaintiff's leg. While Plaintiff argues that Warden Boyd acted with deliberate indifference because he knew of the propensity of the locker boxes to fall, Plaintiff does not state how Warden Boyd knew or was aware of this information nor does the record contain any evidence that Warden Boyd had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Plaintiff or any other inmate due to such occurrences, that he actually drew this inference, and thereafter ignored this risk. Plaintiff's conclusory and unsupported allegations that "this has happen[ed] to other inmates in the past," is likewise insufficient to demonstrate that Warden Boyd acted with deliberate indifference on the day in question. Doc. No. 13. *See Benson v. Cady,* 761 F.2d 335 (7th Cir. 1985) (allegations that prison officials failed to

inspect and maintain cell beds and exercise equipment which fell and allegedly injured inmate in two separate incidents, at most, constituted claims that prison officials did not exercise due care but failed to demonstrate deliberate indifference to an unreasonable risk of harm posed by an inmate's physical environment); *Arnold v. South Carolina Dep't of Corr.,* 843 F. Supp. 110 (D.S.C. 1994) (holding that kitchen supervisors' knowledge of faulty condition of steam pot, and their failure to repair it, was not sufficient to establish that officials acted with an attitude of deliberate indifference); *Bibbs v. Armontrout,* 943 F.2d 26 (8th Cir. 1991) (holding that prison officials' alleged knowledge that safety guards covering the gears of an inker had been removed, and their failure to repair it, amounted to mere negligence); *see also Warren v. State of Missouri,* 995 F.2d 130 (8th Cir. 1993) (holding that prison officials' failure to provide "anti-kickback" protective equipment on saw, as well as allegations that officials knew of similar prior accidents that could have been prevented with protective equipment, did not create a genuine issue of material fact as to deliberate indifference to a serious issue of workplace safety).

Plaintiff's allegation against Warden Boyd that he was or should have been aware of the dangers of the above-the-bed locker boxes simply does not rise to the level of deliberate indifference. At most, it suggests negligence. *See Arnold*, 843 F. Supp. at 113 ("[t]o convert conduct that does not even purport to be punishment into 'cruel and unusual punishment,' defendants must demonstrate more than ordinary lack of due care for the prisoner's interests or safety") (*citing Whitley v. Albers,* 475 U.S. 312, 319 (1986)). This is likewise true of

Plaintiff's allegation that Warden Boyd knew of previous incidents concerning the locker boxes.  Further, while Plaintiff contends that during his incarceration at other correctional facilities in Alabama he has never before been subjected to "injury due [to] any faulty structural design in the locker boxes," he does not indicate how or why the design of the boxes at Easterling is "faulty" other than to state that the locker boxes are stored above inmate beds.  Doc. No. 13.  Utilizing all available space for storage where storage space is at a premium, such as in a prison, is not, in itself, an inherently or obviously dangerous condition involving an imminent threat of physical harm posing a danger to Plaintiff's life or health.

The facts alleged, taken in a light most favorable to Plaintiff, fail to show that Warden Boyd violated a constitutional right.  Plaintiff simply has not established the requisite element of subjective awareness on the part of Warden Boyd.  *Carter*, 352 F.3d at 1350.  While it is unfortunate that Plaintiff suffered an injury as a result of the accident, the record fails to demonstrate that the incident occurred due to any deliberate indifference or reckless disregard by Warden Body with respect to the safety of Plaintiff.  Consequently, summary judgment is due to be granted in his favor.  *See Celotex v. Catrett*, *supra.*

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (Doc. No. 9) be GRANTED;

13

2.   This case be DISMISSED with prejudice;

3.   Judgment be ENTERED in favor of Defendants and against Plaintiff;

4.   The costs of this proceeding be taxed against Plaintiff for which execution may issue.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before March 12, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

14

Done this 27th day of February, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE